# Mengel's Appeal.

1. A testator bequeathed to each of his children one equal share of the residue of his estate, providing that if any of them died before receiving their shares, "the heirs or legal representatives of such shall be entitled to the shares their ancestors would have been entitled to." In a codicil he recited that one of his daughters had died leaving a son, and gave to "him all that I had in my will devised to his mother, except in case (the son) should die without lawful issue, that the said legacy—shall be equally divided among my children or their legal representatives." *Held*, that the son took his mother's share absolutely.

2. Amelia Smith's Appeal, 11 Harris 9, considered and approved.

March 3d 1869. Before THOMPSON, C. J., READ and AGNEW, JJ. SHARSWOOD, J., at Nisi Prius. WILLIAMS, J., absent.

Appeal from the decree of the Orphans' Court of *Berks county*, in the estate of Henry Mengel, deceased: No. 389, to January Term 1869.

The decedent by his will, dated February 21st 1855, amongst other things ordered as follows:—

"Also my will is, and I do direct, that the net proceeds of all my estate, real or personal, not before distributed, be divided among my seven children: Christiana Christman, wife of Daniel Christman," &c., naming the other six, "so that with the amounts of the advancements charged as aforesaid to them respectively shall make them share and share alike. And should any of my last-named seven children die before receiving their shares or dividends of my estate, the heirs or legal representatives of such shall be entitled to such share or shares as their respective ancestors would have been entitled to receive if living." He appointed all his children his executors.

On the 21st of April 1858 he made a codicil to his will as follows:—

"Whereas, in my said last will, I have given and bequeathed unto my daughter Christiana, wife of Daniel Christman, who is since deceased, certain legacies therein mentioned, and that my said daughter has left only one child, viz., Matthias Shaner Christ-

[Mengel's Appeal.]

man, to whom I do hereby give and bequeath all that I had in my said will devised to his mother, except in case he, the said Matthias Shaner Christman, should die without lawful issue; that his said legacy or legacies shall be equally divided among my children or their legal representatives."

The executors settled an account of their administration May 19th 1868, showing a balance in their hands amounting to $5225.77, due on the share bequeathed by the will to Christiana Christman, and by the codicil to her son, Matthias S. Christman. He presented a petition to the Orphans' Court praying that the executors might be ordered to pay the legacy to him absolutely.

The executors answered denying that the petitioner was entitled to the legacy absolutely, and prayed that the legacy be decreed to him on such conditions as the court may deem legally proper.

The court (Woodward, P. J.) decreed that the executors should pay the legacy to the petitioner with the interest accrued on it.

The executors appealed and assigned the decree for error.

*S. P. Eby* and *G. H. Baer* (with whom was *M. Mengel*), for appellants, cited Ruston *v.* Ruston, 2 Dallas 243; Findlay *v.* Riddle, 3 Binn. 149; Beltzhoover *v.* Costen, 7 Barr 18; Still *v.* Spear, 9 Wright 168; Hopkins *v.* Jones, 2 Barr 69; Reily *v.* Fowler, cited in 2 Roper on Leg. 1155; Murray *v.* Addenbrook, Id. 1550; Act of February 24th 1834, § 49, Pamph. L. 83, Purd. 303, pl. 84; Sheets' Estate, 2 P. F. Smith 257; Bedford's Appeal, Hoopes *v.* Brinton, 8 Watts 73; Wither's Appeal, 4 Harris 151.

*H. Darlington*, for appellee, cited Eichelberger *v.* Barnitz, 9 Watts 450; Lapsley *v.* Lapsley, 9 Barr 130; Vaughan *v.* Dickes, 8 Harris 509; Amelia Smith's Appeal, 11 Harris 9; Braden *v.* Cannon, 12 Id. 168; Matlack *v.* Roberts, 4 P. F. Smith 148.

The opinion of the court was delivered, March 18th 1869, by

THOMPSON, C. J.—The testator, Henry Mengel, deceased, bequeathed the one-seventh of his estate, to be reduced to personalty after the death of his wife, to his daughter, the wife of Daniel Christman. But the daughter dying before her father, by a codicil to his will he bequeathed in general terms the share he had given to his daughter to her only child, the appellee, his grandson, adding thereto these words: " except in case he, the said Mathias Christman, *should die without lawful issue,*" then the said legacy to be divided among " my children or their legal representatives."

It is on the supposed force of these words of limitation that the appellants claim that Matthias Christman took but a life interest under the will of his grandfather in the share decreed to his mother, and that he is not entitled to the legacy without security for those in remainder. As the bequest to his mother was an abso-

[Mengel's Appeal.]

lute gift of the seventh of the testator's estate, so would it be to the son, unless the words used cut it down to a less interest.

The distinction between the bequest and others referred to by the counsel for the appellants, passed upon in the cases cited by them, in which the words "dying without issue" occur, although tolerably nice, does exist. Emma Myers' Appeal, 13 Wright 111, and Sheets' Estate, 2 P. F. Smith 257, may represent this class, and the difference is two-fold, viz.: in an express bequest of a life estate or interest, followed by these words, and the appointment of a trustee to effectuate the intention of the testator. In such circumstances a life interest has been thought to follow inevitably. I will not say that this has always been declared as the consequence of such provisions in a will, but it must have been taken for granted.

We have a case in point, where, like this bequest, it was absolute on the part taken, and without a trustee, followed by superadded words of limitation used in the event of dying without issue; I mean Amelia Smith's Appeal, 11 Harris 9, decided in 1854, in which the distinction must have been taken. It was there held, that the words were words of limitation, importing an indefinite failure of issue, and which, if applied to a devise of realty, would have given an estate tail. Predicated of this, it was held that the bequest being of personalty, it passed the absolute property to the legatee. Many authorities are cited in the opinion of the court, to show that words of entailment of realty when applied to a legacy conferred absolute property on the legatee. This was but following out the rational idea that it is not to be presumed that a testator intends that personal property is to be tied up in any way to await a failure of issue indefinite. That case has not been shaken by any subsequent decision that I am aware of. On the contrary, it has been cited in several of the more recent cases, and among them are, Bedford's Appeal, 4 Wright 18, and Matlack *v.* Roberts, 4 P. F. Smith 148. Amelia Smith's Appeal was followed by the learned judge below, and we think rightly. This ruling gave to the appellee what the testator designed for his mother, an absolute bequest, and he will take it, of course, without security for the benefit of possible issue. The decree of the Orphans' Court must therefore be affirmed.

Decree affirmed, and appeal dismissed at the costs of the appellants.