# Eachus's Appeal.

1. In gifts of personalty the phrase "die without issue," means die without issue living at the death of the person, the failure of whose issue is spoken of.

2. A testator bequeathed to his son George a certain sum, and directed that if George should die without lawful issue the portion left to him should be equally divided between his brothers and sisters. All the rest and residue of his estate the testator gave and bequeathed to his daughters and sons, to be equally divided between them, share and share alike, the portion bequeathed to George to remain in the hands of his executor for George's benefit, and to that end he only allowed him to receive, annually, the interest. *Held*, that the bequest to George was to go over on his death without lawful issue, and there was therefore a contingent limitation over. *Held, further*, that by the subsequent provisions of the will an active trust was created in the executor.

June 16th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Appeal from the Orphans' Court of *Franklin county*: Of May Term 1879, No. 7.

Appeal of George Eachus from the decree of the court refusing to grant the prayer of the appellant as set forth in the petition in the matter of the will of Phineas Eachus, deceased.

Phineas Eachus left a will which contained, inter alia, the following provisions:

Item. To my son, Jesse, I give and devise all that house and ground situate on the corner of East and South streets, in the borough of Greencastle, together with the sum of $400. Item. To my sons and daughters named as follows: Mary Cooper, Nancy Hollar, Martha Stine, Sarah Kreps, George, Hannah, James, Joseph, Anna and William, I give and bequeath each the sum of $1000. Item. For advancements, I make George indebted to the amount of $300, Nancy Hollar indebted to the amount of $1000, Mary Cooper to the amount of $1300, and Martha Stine to the amount of $350. The above amounts I require to be accounted for in the settlement and distribution of my estate. Item. If my son, Jesse, should die without issue, it is my will that the portion left to him be equally divided between his sisters, Mary Cooper, Nancy Hollar and Martha Stine, or their heirs. Item. If my son, George, should die without lawful issue, it is my will that the portion left to him be equally divided between his brothers and sisters, to wit: Sarah Kreps, James, Joseph, Hannah, Anna and William, or their heirs. Item. All the rest, residue and remainder of my estate, I give and bequeath to my daughters, Mary, Nancy, Martha, Sarah, Hannah and Anna, and my sons, Jesse, George, James, Joseph and William, or their heirs, to be equally divided between them, share and share alike. Item. It is my will, and I so order and direct, that the estate, or portion bequeathed to my sons, Jesse

and George, remain in the hands of my executor, in trust, for their benefit, and to that end I only allow my said sons, Jesse and George, to receive annually the interest.

William Kreps was appointed executor of said will. He accepted said trust. He died in November 1873, leaving a will wherein his wife, Sarah Kreps, was his sole executrix. After his death she undertook the management of the trust in accordance with the terms of Phineas Eachus's will.

On or about the 28th day of January 1878, James C., William G., Joseph H. and Anna C. Eachus, now Fulweiler, and her husband, C. H. Fulweiler, and Harriet Eachus, the mother, persons entitled to the remainder in the event of George W. Eachus dying without issue, released to George W. Eachus all their interest in said remainder.

Sarah Kreps was the only one of the persons entitled to said remainder who refused to release. Hannah Eachus died before the commencement of these proceedings.

On the 4th March 1878, George W. Eachus presented his petition to the Orphans' Court, and after setting forth certain facts, prayed the court to issue a rule against the said Sarah Kreps to show cause why the said trust estate should not be paid over to the said George, he alleging that the will did not create an active trust. If the court refused this prayer, he prayed that such portion of the fund should be paid him as was released by the said James, William G., Joseph H. and Anna C. Fulweiler and her husband, and Harriet Eachus, and in the event the court refused the above prayers, he prayed that a trustee should be appointed to take charge of his share in the estate of Phineas Eachus.

The court, Rowe, P. J., in an opinion, inter alia, said:—

" The testator distinguishes clearly between *the portion* or *estate* bequeathed, and the *interest* or income annually derived from it. He expressly declares that George shall receive *only* the interest annually accruing on his portion, and that the principal shall remain in the hands of his executor. The intent is plain to sever the product from its source, and to carry the *corpus* or principal over to others. There is no rule which requires us to disappoint this manifest intention of the testator.

" The testator not only orders that George shall have the interest *only*, but there is a *bequest over*, first to his issue, if any, or if none, to his designated brothers and sisters. For the true reading of the will is, that George's portion shall remain in the hands of the executor, in trust, for his benefit, as long as he lives, he receiving annually the interest only. At his death, if he should die leaving issue—that is, children or grandchildren—the *corpus* or principal to go to them; but if he should die without lawful issue, then to his brothers and sisters. The period for the distribution of the *corpus*, and for the ascertainment of the persons entitled

[Eachus's Appeal.]

thereto, is that of George's decease.    The rule against perpetuities is not violated.    I might content myself with referring to the case of Bently *v.* Kaufman, 5 W. N. C. 88, but Deibert's Appeal, 28 P. F. Smith 296, and Hopkins *v.* Jones, 2 Barr 69, may be consulted.

"Now, if the will is to be so construed, I need not stop to point out that the release obtained by George is of no value.    For if he have issue they will be entitled to the fund." * * *

"Wm. Kreps was trustee only because he was executor.    He who succeeds to the executorship succeeds also to the trust with which it is indivisibly joined.    The payment of the legacies and portions according to the directions of the will belongs to the executor's duties *as such.*    Where a trust is annexed to the office of executor, it must, in case of his death, be exercised by an administrator, d. b. n. c. t. a.    The rule must, therefore, be discharged.    Mrs. Kreps must file the account of William Kreps, executor of Phineas Eachus, and the register must appoint an administrator, d. b. n., with the will annexed, who will give security and hold the fund as the executor did while he lived.    Petition dismissed at the cost of the petitioner."

From this decree the petitioner took this appeal.

*Brewer & Winger,* for appellant.—The will created no active trust.    The only purpose of the trust, with respect to George's share, is to preserve a remainder to his brothers and sisters, upon George's dying without issue.    Such gift over after an indefinite failure of issue, is without effect, and the trust falls with the purpose for which it was created.

Under the will it is worth noticing that the gift or bequest, by the first clauses of the will, is of an absolute estate.    The title to the estate is in George, by the terms of the will.

The directions in the latter clause of the will certainly do not divest the title which the appellant derives under the former clause. The latter clause is simply directory.    Its effect is to make the executor the custodian of George's share or portion.    Under this clause in the will, the title to the share or portion remains in the appellant, and the executor is the hand from which he is to receive the interest.    If the portion or share devised had been real estate, a restrictive clause, like the one above, would be regarded as one against alienation, and of no effect.

*I. H. McCauley,* for appellee, rested his argument on the opinion of the court below.

The judgment of the Supreme Court was entered June 25th 1879.

PER CURIAM.—The contention of the appellant is that he took an absolute estate under the will of Phineas Eachus.    The ground

[Eachus's Appeal.]

of this contention is that the devise over to the brothers and sisters, in default of issue, does not restrict the estate given to him for life—the failure of issue being indefinite. But this is clearly a mistake. In gifts of personalty the phrase "die without issue" means die without issue living at the death of the person, the failure of whose issue is spoken of. It was so settled in England before the rule of construction in devises of land was changed by the statute of 1 Vict. c. 26, s. 29. So it has been uniformly held in this state. Such is the obvious signification of the words, and the other sense applied to them in construing devises of lands is confessedly a false construction, supposed to be necessary in order to benefit the issue. Still *v.* Spear, 3 Grant 306, and cases there cited. Of course either in devises of land or bequests of personalty the words may be controlled by the intention of the testator appearing in other parts of the will. It is true that wherever an estate-tail is given in personalty, it is absolute. But the primary question is, does the will create such an estate. Here the bequest to George was to go over on his death "without lawful issue." There was therefore a contingent limitation over. From the subsequent provision in the will, George was to have only the interest during his life, and the principal was to go to his children or their descendants living at the time of his death. The trust in the executor was therefore an active trust and the decree below was right.

Decree affirmed and appeal dismissed at the costs of the appellant.