Estate of Joel Barlow Moorhead, deceased.   Charles H. Moorhead's Appeal.

180    119
f227    78

*Wills—Trusts and trustees—Life estate.*

Testator gave his residuary estate to trustees in trust to pay certain annuities to his wife and children, during their respective lives, and in case of the death of any of the annuitants, leaving issue, the annuity to pass to the children and issue of such deceased annuitant; and in case of their death without issue, the annuities were to be divided equally among the survivor or survivors of his four children; after the death of the last survivor of his wife and four children, the principal of his estate was to be divided among his grandchildren.   The will further provided: "If any

other children should be born to either of my children, then in such event, I direct that my trustees shall pay to such additional grandchildren, living at the time of distribution, to each the sum of "'. . . . Subject to the payment of the foregoing, the will proceeds: "If there be anything remaining of my estate after payment of all the annuities, bequests, devises and legacies and just claims against my estate as hereinbefore specified and directed to be paid, I give and bequeath the same to my own right heirs. . . . . If either of my said children should die without issue, or the issue of such child should fail during the continuance of this trust, which is to continue as long as my wife or either of my children shall remain in full life, the share which would have been of such child or its issue shall be divided equally among the survivors of my said four children and living issue of any deceased child, taking only by representation and never per capita." As to the children the will contained a spendthrift trust clause. *Held,* (1) that the trust was an active one; (2) that the cestuis que trust did not take an estate tail or fee simple under the will; (3) that the cestuis que trust were not entitled to the corpus of the estate.

Argued Jan. 19, 1897. Appeal, No. 468, Jan. T., 1896, by Charles H. Moorhead, from decree of O. C. Phila. Co., Jan. T., 1890, No. 298, overruling exceptions to adjudication. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Exceptions to adjudication. Before Ferguson, J.

From the record it appeared that Joel Barlow Moorhead died on October 25, 1889, leaving to survive him his widow who has since died, one son, Charles H. Moorhead, the appellant, and three daughters—all of whom were of full age. He also left surviving him the following grandchildren:

1. George C. Thomas, Jr. 2. Sophy Thomas; and 3. Leonard M. Thomas, children of Ada, daughter of testator. 4. Caroline C. Cooke; and 5. Jay Cooke, Jr., who are children of Clara, daughter of testator. 6. J. Barlow Moorehead, Jr., who was the only child of Charles H. Moorehead, appellant, only son of testator. 7. Joseph Earlston Thropp. 8. Clara H. Thropp. 9. Amy S. Thropp. 10. Francis M. Thropp; and 11. Barlow Moorhead Thropp, who are children of Caroline, daughter of testator.

When testator died, all of his four children were of full age; the appellant was then a widower and has since remarried. Since testator's death J. Barlow Moorhead, Jr., appellant's son (by his first wife) and grandson of testator, died on October 3,

1892, after reaching the age of twenty-one years. There now remain, therefore, living, the four children and ten grandchildren of the testator. No living grandchild has been born since testator's death.

Other facts appear by the adjudication which was as follows:

The provisions of the will of the testator were fully recited in the adjudication upon the account of the accountants, as executors, and it is not necessary now to repeat them further than may be required by the consideration of the question raised by the counsel for Charles H. Moorehead, and which is that the trusts declared by the will of testator, are invalid, that the cestuis que trust take an estate tail under the will which under the act of April 27, 1855 is enlarged to a fee simple, and that therefore they are entitled to the corpus of the estate so held in trust. The questions involved were elaborately argued, not only orally, but in a voluminous written brief, which shows great industry upon the part of counsel.

In the interpretation of wills, technical rules of construction are only applicable in cases of doubt. This is not such a case. The intention of the testator is perfectly clear. He gives his residuary estate to the accountants in trust to pay certain annuities to his wife and children during their respective lives,' and in case of the death of any of the annuitants, leaving issue, the annuity passes to the children and issue of such deceased annuitant; and in case of their death without issue, the annuities to be divided equally among the survivor or survivors of his four children; after the death of the last survivor of his wife and four children, the principal of his estate to be divided among his grandchildren, as follows:

1. Children of daughter Ada, to wit: George, Sophy and Leonard Thomas, each $100,000=$300,000.

2. Children of daughter Clara, to wit: Caroline and Jay Cooke, each $125,000=$250,000.

3. Child of son Charles, to wit: J. B. Moorhead, Jr., $100,000. (Now deceased, legacy has lapsed.)

4. Children of daughter Caroline, to wit: Clara, $45,000; Amy, $55,000; Francis, $55,000; Barlow, $80,000=$235,000.

The will further provided: "If any other children should be born to either of my children, then in such event, I direct that

my trustees shall pay to such additional grandchild or children, living at the time of distribution, to each the sum of $25,000."

Subject to the foregoing legacies, the will provided legacies of $5,000 each to seven nieces and nephews, to wit: Emily H. Russell, Julia E. Montgomery, Sarah E. Minor, Lydia G. Mc-Cleane, Thos. W. Veazey, Wm. F. Hirons and J. B. M. Hirons, $35,000. Total legacies $820,000, subject to increase of $25,000, for each additional grandchild to be born.

Subject to the payment of the foregoing, the will proceeds: "If there be anything remaining of my estate after payment of all the annuities, bequests, devises and legacies and just claims against my estate as hereinbefore specified and directed to be paid, I give and bequeath the same to my own right heirs."

As before stated, there can be no doubt as to the intention of the testator, which was that his whole residuary estate should be held in trust to pay certain annuities, and then after the death of all the annuitants, to pay the legacies above mentioned which aggregates upwards of $800,000 and subject to be increased by the birth of other grandchildren. That such a trust is lawful seems to the auditing judge too plain to admit of a doubt. There are active duties for the trustees to perform. There are annuities to be paid, income to be distributed and legacies in remainder to be protected. But it is contended that the following clause of the testator's will imports an indefinite failure of issue, and therefore the first taker has an estate tail which under the act of assembly is enlarged to a fee simple: "If either of my said children should die without issue, or the issue of such child should fail during the continuance of this trust, which is to continue as long as my wife or either of my children shall remain in full life, the share which would have been of such child or its issue shall be divided equally among the survivors of my said four children and living issue of any deceased child, taking only by representation and never per capita." There has been much learning expended upon the meaning of the words dying without issue and whether they import a definite or indefinite failure of issue ; but it now seems to be settled, that when applied to personal property, it means issue living at the death of the person to whom the personalty is given in the first instance : Emma Myers's Appeal, 49 Pa. 111 ; Francis's Estate, 4 Dist. Rep. 694 ; McCoy's Estate,

16 W. N. C. 243; Duffy's Estate, 36 W. N. C. 199, and Eachus's Appeal, 91 Pa. 105.

If the words used by the testator were only " without issue " they would, with regard to real estate (and this estate embraces both realty and personalty) import an indefinite failure of issue, as there would be no time fixed for the estate to vest and the devise would be void for remoteness. In this case, however, the time is fixed, as " during the continuance of this trust which is to continue as long as my wife or either of my children shall remain in full life." There can be no question here of indefiniteness. The persons who are to take are fixed, and the time is fixed. The rules of construction which might apply in doubtful cases have no application here. It was argued that under the rule in Shelly's Case the children take an absolute estate. The auditing judge fails to see anything in this will that would justify the application of this rule. The balance of principal as shown by the account, after deducting the clerk's costs and for a copy of this adjudication, will remain in the hands of the accountants for the uses and purposes of the will of testator.

Exceptions to the adjudication were overruled.

*Errors assigned* were in not awarding the whole of the residuary estate to the four children.

*Hood Gilpin*, with him *Frank H. Cheyney* and *John G. Johnson*, for appellant.—An heir at law can only be disinherited by express devise or necessary implication. Testator desired to protect by a trustee each grandchild's future enjoyment and possession of a part of his share at law, not to discriminate and prefer one to another: Bender v. Dietrick, 7 W. & S. 287; Bell's App., 147 Pa. 387; Grim's App., 89 Pa. 335; Lipman's App., 30 Pa. 180; Smith's App., 23 Pa. 9; France's App., 75 Pa. 220; Hitchcock v. Hitchcock, 35 Pa. 393; Hoffner v. Wynkoop, 97 Pa. 130; Minter's App., 40 Pa. 111; Horwitz v. Norris, 60 Pa. 280; Finney's App., 113 Pa. 18.

Where the meaning of a will is doubtful, the rule of equality among children may be taken as a guide of interpretation: Malone v. Dobbins, 23 Pa. 296; Bender's App., 3 Grant's Cases, 210.

There is no remainder to be protected as to the quarter inter-

est of the appellant in this estate. Appellant's share in the principal is limited over to his issue, who will then be testator's right heirs, which requires no trust to protect it as it is executed by the statute, and becomes a fee in appellant by the rule in Shelley's Case: Kinsel v. Ramey, 87 Pa. 248; Philadelphia Trust Co.'s App., 93 Pa. 209; Dodson v. Ball, 60 Pa. 492; Tucker's App., 75 Pa. 355; Kay v. Scates, 37 Pa. 31; Yarnall's App., 70 Pa. 335; Ogden's App., 70 Pa. 501.

It has been held that a devise to one for life and after his death to the issue of his body and the heirs of the body of such issue or to one and his children or issue, where no issue is at the time living, is an estate tail: Findlay v. Riddle, 3 Binn. 139; Clark v. Baker, 3 S. & R. 483; Sharp v. Thompson, 1 Whart. 139; Criley v. Chamberlain, 30 Pa. 161; Haines v. Witmer, 2 Yeates, 400; Caskey v. Brewer, 17 S. & R. 441; Lapsley v. Lapsley, 9 Pa. 130; Pott's App., 30 Pa. 168; 1 Perry on Trusts (3d ed.), 482; Myers's App., 49 Pa. 113; Kay v. Scates, 37 Pa. 31.

*Richard C. Dale*, for appellee, cited: List v. Rodney, 83 Pa. 483; Coke on Littleton, 28 *a*; Jee v. Audley, 1 Cox, 324.

PER CURIAM, February 8, 1897:

This appeal is from the definitive decree of the orphans' court dismissing exceptions and confirming the adjudication of the learned auditing judge.

We find nothing in the record that requires discussion. A careful consideration of the questions involved has satisfied us as to the correctness of the auditing judge's conclusions, and we therefore affirm the decree on his adjudication and dismiss the appeal at appellant's costs.