# Nice's Estate.

*Wills—Construction—Issue meaning children—Definite failure of issue.*

Testator gave the residue of his estate to his daughter "during her natural life and to her issue but should she die without issue then I direct that the said bequeathed estate of which she shall die possessed shall be equally divided among the children of my son share and share alike, and should any of them die leaving issue then I direct that said issue shall take said deceased parents share and if any of said children shall die without issue then I direct that the survivors of said children shall take such deceased child's share." *Held*, (1) that the word "issue" meant "children"; (2) that a definite failure of issue was contemplated; and (3) that the daughter of the testator took only a life estate in the residuary estate.

Argued March 2, 1909. Appeal, No. 53, Jan. T., 1909, by Lizzie N. Neff, from decree of O. C. Berks Co., May T., 1908, No. 22, overruling exceptions to adjudication in Estate of F. B. Nice. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of distribution.

*Thos. F. Snyder,* of *Snyder & Zieber,* with him *C. H. Ruhl,* for appellant.—Although the fund in court for distribution consists of personalty exclusively and no question as to the title to the real estate embraced in the residue is before this court in this appeal, it is the contention of the appellant that, inasmuch as the testator has disposed of his personalty along with the realty, without distinction, the paragraph of the will under discussion should be treated agreeably to the rules concerning the disposal and distribution of real estate: Robinson's Est., 149 Pa. 418; Smith's App., 23 Pa. 9; Paxson v. Lefferts, 3 Rawle, 59; Kleppner v. Laverty, 70 Pa. 70; Grimes v. Shirk, 169 Pa. 74; Pifer v. Locke, 205 Pa. 616; Carroll v. Burns, 108 Pa. 386.

We contend that the proper construction of the words of the limitation over in our case is that they import an indefinite failure of issue, that is, that upon the extinction of the whole line of Lizzie's issue, whenever it may take place, the property shall go over: Eichelberger v. Barnitz, 9 Watts, 447; Train v. Fisher, 15 S. & R. 145; Potts's App., 30 Pa. 168; Mengel's App., 61 Pa. 248; Biddle's App., 69 Pa. 190; Hoff's Est., 147 Pa. 636.

*Cyrus G. Derr,* with him *Oliver M. Wolff,* for appellee, cited: Hill v. Hill, 74 Pa. 173; Hoff's Est., 147 Pa. 636; Lawrence v. Lawrence, 105 Pa. 335.

OPINION BY MR. JUSTICE POTTER, January 17, 1910:

The question presented by this appeal is the proper con-

struction of the residuary clause of the will of Dr. F. B. Nice, which is as follows: "Paragraph 5. Item. As to the rest or residue of my Estates I give devise and bequeath to my Daughter Lizzie during her Natural life and to her Isue but should she die without Isue then I direct that said bequeathed Estates of which she shall die posesed shall be equally divided among the Children of my son Benjamin Nice, M. D. share and share alike and should any of them die leaving Isue then I direct that said Isue shall take said Deceased parents share and if any of said Children shall die without Isue then I direct that the Survivors of said Children shall take such deceased Childs share."

The court below held that in the use of the word "isue," the testator meant children, and that he also intended a definite failure of issue; and the conclusion reached was that Lizzie N. Neff, the daughter of the testator, took but a life estate in the residuary estate.

In the opinion of the learned judge of the court below, upon the adjudication, and upon the exceptions to the final decree, he bases his conclusion upon two grounds: first, that where as in this case, it appears that a testator uses the words "parent" and "issue" as correlatives, "issue" must be interpreted "children." And second, that the words "dying without issue," when applied to personal property, mean issue living at the death of the person to whom it is given in the first instance. The illustrations taken by the court from the body of the will, to demonstrate the sense in which the testator in the present case used the word issue, make it fairly apparent that he used it in the restricted sense of children. This construction is fully authorized by the authorities cited: Taylor v. Taylor, 63 Pa. 481; Sibley v. Perry, 7 Vesey, 522; Pruen v. Osborne, 11 Sim. 132; 2 Jarman on Wills, 109.

In Beckley v. Riegert, 212 Pa. 91, our Brother FELL said (p. 93): " In a will 'issue' prima facie means 'heirs of the body' and will be construed as a word of limitation, and 'dying without issue' standing alone means an indefinite failure of issue. But this construction will always yield to an apparent intent on the face of the will that the words were to have a more

restricted meaning and to be applied to descendants of a particular class or at a particular time and not to all the descendants of every generation." We agree with the court below that such an intent is apparent in this case. The learned judge has set forth in his opinion a number of the decisions of this court, in which it has been held that in gifts of personalty, the words "die without issue" mean, die without issue at the death of the person, the failure of whose issue is spoken of: Clark v. Baker, 3 S. & R. 470; Eachus's App., 91 Pa. 105; Snyder's App., 95 Pa. 174; Moorhead's Est., 180 Pa. 119. It will be noted also that in the case at bar, the gift is to the legatee during her natural life, and "to her issue." There is, therefore, here a particular bequest to the issue, which distinguishes this case from those of Train v. Fisher, 15 S. & R. 145; Smith's App., 23 Pa. 9; Mengel's App., 61 Pa. 248, and Biddle's App., 69 Pa. 190, cited and relied upon by counsel for appellant.

The assignments of error are dismissed and the decree of the court below is affirmed.