# DANIEL UPDEGROVE, ET AL., v. J. M. BLUM.

ERROR TO THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 1, 1887—Decided October 3, 1887.

In 1853, a married woman having title to real estate made a conveyance thereof in which her husband did not join, and possession was taken and continuously held thereunder. The wife died in 1857, and in 1872 the husband brought ejectment for his curtesy estate, but failed on a ground personal to himself. In 1886 the heirs of the wife brought ejectment: *Held*

1. That the said deed being void, the right of entry accrued in 1853, immediately after the deed was made and possession taken, and the statute of limitations then began to run.

2. That the action brought by the husband, involving his own right only, did not toll the bar of the statute as against the said heirs.

3. The letter and spirit of the act of April 22, 1856, P. L. 532, exclude the operation of any of the exceptions therein in favor of the right to maintain an action for the recovery of lands, after thirty years shall have elapsed since the right of entry thereto accrued.

4. Hunt v. Wall, 75 Pa. 413; Hogg v. Ashman, 83 Pa. 80, followed.

Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; MERCUR, C. J., and PAXSON, J., absent.

No. 26 May Term 1887, Sup. Ct.; court below, No. 155 November Term 1886, C. P.

Charge of Court below.

This was an ejectment brought by Daniel Updegrove and others, children and heirs at law of Elizabeth Updegrove, deceased, against J. Martin Blum, to recover fifty acres of land in Wiconisco township.

About April 1, 1853, Elizabeth Updegrove, wife of John Updegrove and living with him, having the title in her own right to the land in dispute, conveyed it to one William Wagner, without her husband joining in the deed. Wagner's title subsequently passed regularly to J. Martin Blum, the defendant, and Wagner and those claiming under him were continuously in possession under said deed from the date thereof in April, 1853, to the institution of this action.

Elizabeth Updegrove died in 1857, leaving to survive her, her said husband and children, the plaintiffs herein. In 1872, John Updegrove, the husband, brought ejectment against the present defendant to recover his curtesy estate, but upon the trial of that cause it was made to appear that the husband had received as his own the purchase money on his wife's conveyance in 1853 and was thereby estopped. The husband died on April 25, 1886, and on October 6, 1886, the present action was instituted by the wife's children as stated.

The trial showing the foregoing facts, the plaintiff asked the court to instruct the jury that upon the whole evidence in the case the plaintiffs were entitled to the verdict, which point was denied, and the court, J. B. McPHERSON, J., charged the jury as follows :—

In this case we assume that the title to this property was in Elizabeth Updegrove before 1853. We assume also that she made a deed at that time in which her husband did not join. That deed was void. Her grantee in that deed was a Mr. Wagner, through whom the defendant in this suit now claims the title. Since 1853, however, as far as the evidence goes, the defendant and those under whom he claimed have had uninterrupted and continuous, and so far as appears, we say to you, adverse possession of the property in dispute. The plaintiff concedes that that would be the effect of all the evidence in the case if it were not for the record, which he offered and which the court admitted in evidence, of another suit brought in 1872 by John Updegrove against the present defendant and some others. In that case there was a defence by Mr. Blum and

the others upon the ground that John Updegrove had no right to recover, because he had received the purchase money of the property at the time his wife made the deed, in 1853; that is to say, of course, that although he had not actually joined in the deed, he had got the fruits of the transaction, all the benefit, and therefore he should not have possession of the land and the money too. Now, the evidence in that case, raising that issue and deciding that issue, does not seem to me to be inconsistent with the adverse character of the defendant's possession; and as that is, in my judgment, clearly the point of this case, as that is the present attitude of my mind on this subject, we instruct you that the defendant's possession is sufficient, under all the evidence in the case, and that the plaintiffs cannot recover; and you will render your verdict in that way.——

A verdict having been returned as directed and judgment entered, the plaintiffs took this writ, assigning for error the refusal of the court to direct a verdict for the plaintiffs, and the direction of a verdict for the defendant.

*Mr. Clinton Lloyd* and *Mr. B. S. Bentley* (with them *Mr. F. K. Boas*), for the plaintiffs in error:

1. Both parties claiming under Elizabeth Updegrove, it was unnecessary for plaintiffs to show title out of the commonwealth: Patton v. Goldsborough, 9 S. & R. 47, and plaintiffs could give in evidence defendant's title to show that both parties claim under a common source: Zeigler v. Hautz, 8 W. 380.

2. The defendants had been in possession continuously for 33 years before suit brought; but under the act of 1856, this possession gave them no title, as the right of entry did not accrue until after the death of the life tenant, John Updegrove: Marple v. Myers, 12 Pa. 122; Miltenberger v. Croyle, 27 Pa. 170; Henry v. Carson, 59 Pa. 297.

3. Does the act of 1856 bar the plaintiffs? The act has been before this court in Hunt v. Wall, 75 Pa. 413; Ege v. Medlar, 82 Pa. 86; Hogg v. Ashman, 83 Pa. 80; but with deference it is suggested whether these decisions do not call for reconsideration and review. If the interpretation of that act in those cases is sound, then we certainly have an act of the legislature which in some cases absolutely prohibits par-

ties having an unquestioned title to real estate from ever maintaining an action to recover it, and that without fault or laches on their part. There could be no right of entry in the heirs during the term of the life estate.

4. The court below in overruling the motion for a new trial, misconceives the whole position of the case. He says: The statute, having begun to run in Elizabeth Updegrove's lifetime, never stopped. It is denied that it ever began to run. He says: The defendants claimed adversely to the title. It is very certain they did not. If they had so claimed they would inevitably have been ousted. They well knew this, and so did not attempt it. They gave in evidence the deed from Elizabeth Updegrove in connection with the other fact, to wit, that at the time of this void sale John Updegrove had received the purchase money, to show that they were entitled to the possession for the term of his life, in subordination to, and not adversely to the legal title. The learned judge admits that the question whether the defendant's possession was adverse is the very point of the case, and then assumes that it was, contrary to all the facts in evidence.

Having taken the position he did in the former suit, the defendant is concluded by it. To permit otherwise would be, in the language of Judge ROGERS, in one of the reported cases, " a juggle and a cheat," and turn the court into " an instrument of chicane : " Kelly v. Abers, 16 S. & R. 281; Kelly v. Eichman, 3 Wh. 419; Eshbach v. Zimmerman, 2 Pa. 313; Patterson v. Lytle, 11 Pa. 53; McQueen's Appeal, 104 Pa. 595.

5. There is another fact to be noted. Elizabeth Updegrove died in 1857. No title or right of entry vested in the heirs until then, and the present suit was instituted within thirty years from that time, to wit, in 1886. This fact escaped attention at the trial.

*Mr. S. J. M. McCarrell* of *Fleming & McCarrell*, and *Mr. Robert Snodgrass* (with them *Mr. J. C. McAlarney, Messrs. Weiss & Gilbert, Mr. A. F. Thompson* and *Mr. J. C. Durbin*), for the defendant in error:

1. The act of 1856 prevents any recovery by these plaintiffs, as this court has clearly decided : Hunt v. Wall, 75 Pa. 413; Hogg v. Ashman, 83 Pa. 80; Christy v. Sill, 95 Pa. 380;

Warn v. Brown, 102 Pa. 353; Hollinshead's App., 103 Pa. 158. These cases are unreversed and unquestioned, and are essentially different from Ege v. Medlar, 82 Pa. 86.

2. Wagner went into possession tituli colore, April 1, 1853, and from that moment his possession was adverse to Elizabeth Updegrove and all claiming under her, and from that moment the statute began to run against her and at her death had run for four years. Her death did not interrupt it: Durore v. Jones, 4 T. R. 300.

3. The unsuccessful attempt of the husband to break the continuity of the possession did not suspend the running of the statute. Though the adverse possession of a defendant in ejectment cannot, during the pendency of the suit, ripen into an absolute title, yet the effect of the statute is neutralized only in respect to the particular suit and the plaintiff therein: Wood Lim. 583, § 273; Workman v. Guthrie, 29 Pa. 495; Moore v. Green, 19 How. 71; Harris v. Dennis, 1 S. & R. 236.

4. How is the defendant, having made a certain defence in the action by the husband under whom the present plaintiffs do not claim, estopped from setting up any other defence than that on which he then relied? Estoppels are odious, and are never permitted except as between the same parties, their representatives or privies. Had the husband himself brought the present suit, it could not be pretended that the defendant would be bound by the precise defence interposed in the former suit.

OPINION, MR. JUSTICE GREEN:

We entirely agree with the learned court below in their views of this case. The right of entry under which the plaintiffs claim and must recover, if at all, commenced to run in April, 1853, immediately after the deed of Elizabeth Updegrove and possession of the premises were delivered to William Wagner. As the deed was void an action could have been brought to recover possession the next day, in the name and on behalf of Elizabeth Updegrove. But no action was brought and no entry was made or claimed for or by her up to the time of her death in 1857. The action brought by her husband, John Updegrove, in 1872 was upon his own title as tenant by the curtesy and did not conclude any of the heirs. It was

defeated for a reason which was personal to himself and it involved his own right only, and therefore cannot be held to toll the statute as against the heirs. The statute had commenced to run in April, 1853, and continued to run notwithstanding the husband's action in 1872, so far as those are concerned who claim under the right against which it was running. The title which is now set up is in no sense whatever the title of John Updegrove. It is the same right of entry and title which Elizabeth Updegrove held in April, 1853, and the statute having commenced to run at that time against that right it did not stop because of her death.

Both the letter and the spirit of the act of 1856 exclude the operation of any of the exceptions contained in the statute of limitations in favor of " any person " to maintain any action " after thirty years shall have elapsed since the right of entry thereto accrued to any person within the exceptions aforesaid." This case comes clearly within, and is governed by, the cases of Hunt v. Wall, 75 Pa. 413, and Hogg v. Ashman, 83 Pa. 80. We have no disposition to overrule them or depart from them in any particular. We have frequently had occasion to commend and approve the act of 1856, as an act to secure the repose of titles, and see no reason to change our views upon that subject. The opinions of this court in the above named cases contain so full an expression of the reasons which support them that it is unnecessary to repeat those reasons here. The facts in Hogg v. Ashman, are substantially identical with those of this case and, while that decision remains, the present judgment must stand.

Judgment affirmed.