## Thomas S. Boyd, John W. Whitehill and Zadoc Whitehill, Appellants, v. Samuel C. Weber.

*Wills—Devise—Estates tail.*

A devise to a woman " and such heirs of her body, or children such as she shall leave living at the time of her death," creates an estate tail.

*Statute of limitation—Act of April 22, 1856—Insanity—Deed.*

Where an insane woman executed a deed in 1848 barring an estate tail, a right of action to avoid it accrued to her immediately upon the execution of the deed, and after thirty years she and all persons claiming under her are barred by the Act of April 22, 1856, P. L. 532, sec. 1.

The right of entry referred to in the act of April 22, 1856, is the right of entry of the person under disability and not of any other person, such as a remainderman.

Argued Oct. 19, 1899. Appeal, No. 112, Oct. T., 1899, by plaintiffs, from judgment of C. P. Greene Co., Jan. T., 1896, No. 275, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Ejectment for lot of ground in Waynesburg. Before CRAWFORD, P. J.

At the trial it appeared that plaintiffs claimed title under the will of Robert Whitehill, as children of Elizabeth Yeater.

The material portion of the will was as follows:

" 8th. To Elizabeth, the daughter of Kitty Yeater, I give the house and lot where John Irons now lives on High street, the house and lot formerly the old courthouse, and the house

and lot where John Cunningham now lives on Greene street, to her and such heirs of her body or children such as she shall leave living at the time of her death."

Defendant claimed under a deed executed in 1848 by Elizabeth Yeater to W. W. Sayers.

Plaintiffs averred that Elizabeth Yeater took only a life estate under the will of Robert Whitehill, and also that Elizabeth Yeater had been non compos mentis from infancy. Elizabeth Yeater died in 1892.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendant.

*James J. Purman,* with him *William F. King* and *Andrew A. Purman,* for appellants.—Elizabeth Yeater took a life estate only: Guthrie's App., 37 Pa. 12; Chew's App., 37 Pa. 23; Curtis v. Longstreth, 44 Pa. 302; Cote v. Von Bonnhorst, 41 Pa. 251; Haldeman v. Haldeman, 40 Pa. 29; Hileman v. Bouslaugh, 13 Pa. 351; Sheetz's App., 82 Pa. 217; Lewis's Est., 3 Wharton, 162; Von Steuben's Est., 3 Northam. 293; Dunwoodie v. Reed, 3 S. & R. 435; Bennett v. Morris, 5 Rawle, 13; McDonald v. Dunbar, 20 W. N. C. 559; Stambaugh's Est., 135 Pa. 587; Shalters v. Ladd, 141 Pa. 349; Hague v. Hague, 161 Pa. 643.

Plaintiffs contend that, even if their mother took an estate tail in the land, she was non compos mentis on May 10, 1848, when she made the deed, had been so from childhood, and remained in that condition without lucid intervals until the day of her death, December 25, 1892; that she had not capacity to execute a deed for any purpose, and that the deed to Sayers is voidable; that they may defeat the deed on the ground of want of mental capacity, fraud and imposition, and that these are questions of fact for a jury: Wood v. Bayard, 63 Pa. 320; Crawford v. Scovell, 94 Pa. 48; Rambler v. Tryon, 7 S. & R. 90.

The statutes of limitation do not run against a reversioner till the death of the tenant for life, when the latter has conveyed the estate in fee: McKee v. Pfout, 3 Dall. 486; Gernet v. Lynn, 31 Pa. 94; Wolford v. Morgenthal, 91 Pa. 30.

The estate in the children of Elizabeth Yeater had vested prior to the passage of the act of 1856 and the act of 1859, and to allow a possession, obtained under a deed from Elizabeth Yeater, a lunatic from childhood until death, to be held to be adverse under subsequent legislation, would be to give the law retroactive effect, as well as put fraud at a premium: Reinhart v. Lantz, 37 Pa. 488; Price v. Taylor, 28 Pa. 107; Endlich on Inter. of Statutes, sec. 271; Updegrove v. Blum, 117 Pa. 259; Hunt v. Wall, 75 Pa. 413; Bigley v. Jones, 114 Pa. 510; Codding v. Wood, 112 Pa. 371.

*D. S. Walton,* with him *E. E. Robins, W. A. Hook, J. B. Donley* and *J. A. J. Buchanan,* for appellee.—The devise vested in Elizabeth an estate in fee or in tail: Stevenson v. Fox, 125 Pa. 568; Fitzwater's App., 94 Pa. 141; Mickley's App., 92 Pa. 517; Hawkins on Wills, 184, 197; Seibert v. Wise, 70 Pa. 147; Carroll v. Burns, 108 Pa. 386; Criswell's App., 41 Pa. 288; Lantz v. Trusler, 37 Pa. 482; Cartwright v. Vawdry, 5 Ves. 530; Appel v. Byers, 98 Pa. 481; Neil's App., 92 Pa. 196.

The statute of limitations completely bars the plaintiffs' right to recover, if they ever had any right: Act of April 22, 1856; Hunt v. Wall, 75 Pa. 413; Hogg v. Ashman, 83 Pa. 80; Snowden v. Dunlavey, 11 Pa. 525; Bensell v. Chancellor, 5 Whart. 371; McCall v. Webb, 88 Pa. 150; Thompson v. Carmichael, 122 Pa. 478; Pratt v. Eby, 67 Pa. 396; Way v. Hooton, 156 Pa. 8.

OPINION BY MR. JUSTICE MITCHELL, December 30, 1899:

The devise to Elizabeth Yeater was clearly in tail. To Elizabeth "and the heirs of her body" would be the usual form of an estate tail, and the addition, "or children," is merely a cumulative description. The phrase, "such heirs of her body, or children such as she shall leave living at the time of her death," is not materially different. It adds a qualification as to the second takers, but does not alter the words of limitation of the devise: Hiester v. Yerger, 166 Pa. 445.

Being an estate tail in Elizabeth it was barred by her deed made for that purpose in 1848. If, as alleged, that deed was voidable for insanity of the grantor, a right of action to avoid it accrued to her immediately, and after thirty years she and

all persons claiming under her were barred by the Act of April 22, 1856, P. L. 532, sec. 1.

That act provides that no exception in any act of assembly respecting the limitation of actions in favor of persons non compos mentis, etc., shall extend so as to permit any person to maintain any action for the recovery of land, after thirty years shall have elapsed since the right of entry thereto accrued to any person within the exceptions aforesaid.

It is argued that, as Elizabeth did not die until 1892, the right of entry did not accrue to plaintiffs until then. But it is not the right of entry of the plaintiff that must have accrued within thirty years, but that of the person under disability. The language of the statute is that no exception by reason of the disabilities named shall permit any person to maintain action after thirty years from the accruing of the right of entry to the person under disability. This excludes not only the lunatic, but also every other person claiming under or by privity of title with her. This is the settled construction of the act: Hunt v. Wall, 75 Pa. 413; Hogg v. Ashman, 83 Pa. 80; Updegrove v. Blum, 117 Pa. 259.

As the statute of limitations was a complete defense, it is not necessary to consider any of the other questions raised in the learned and ingenious argument of appellants.

Judgment affirmed.