## Simpson, Appellant, *v.* Reed.

| 205 | 53 |
| f 205 | 57 |
| 205 | 53 |
| 210 | 9 |
| 205 | 53 |
| 217 | 487 |
| 205 | 53 |
| f 222 | 38 |
| 222 | 39 |
| f 37SC | 175 |

*Will—Rule in Shelley's case—Devise.*

Testator devised to a daughter not married or contemplating marriage at the date of the will, a share in his real estate "for life only, remainder after her death to her child or children in fee, but if my said daughter at the time of my decease has neither husband, child nor children she may also dispose of her said part or share of said real estate as she sees proper." In a subsequent clause of his will, he directed that if any of the devisees refuse to take their devises it shall revert back to his estate and be divided among his other "said heirs equally." *Held,* that the daughter took an estate in fee tail general which the act of April 27, 1855, resolved into a fee simple.

Argued Nov. 10, 1902. Appeal, No. 188, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1902, No. 497, on case stated in suit of Martha Bell Simpson v. J. Allison Reed. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Case stated to determine marketable title of real estate.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was judgment for defendant.

*R. A. Balph,* with him *James Balph,* for appellant.—The plaintiff took a fee: Guthrie's App., 37 Pa. 9; Potts's App., 30 Pa. 168; Yarnall's App., 70 Pa. 335; Jones v. Davies, 4 Barn. & Adolph. 43.

*O. P. Robertson,* for appellee, cited: Yarnall's App., 70 Pa. 335; Dodson v. Ball, 60 Pa. 492; Oyster v. Knull, 137 Pa. 448; Nes v. Ramsay, 155 Pa. 628; Wallace v. Denig, 152 Pa. 251; Guthrie's Appeal, 37 Pa. 9; Husbands on Married Women, sec. 289; Naglee's Appeal, 33 Pa. 89; Williams v. Leech, 28 Pa. 89; McKee v. McKinley, 33 Pa. 92.

OPINION BY MR. JUSTICE DEAN, January 5, 1903:

This is a case stated for the interpretation of the will of T. P. Simpson, late of Pittsburg, deceased. The will is dated in March, 1899; clause four of it is susceptible of two distinct

constructions, as to the exact estate taken under it by the devisee, this appellant. It is as follows:

"Item 4. I give, devise and bequeath to my daughter, Martha Bell Simpson, the equal, undivided one-fifth part or share of all my real estate for life only, remainder after her death to her child or children in fee, but if my said daughter at the time of her decease has neither husband, child, or children she may also dispose of her said part or share of said real estate as she sees proper."

The court below was of opinion that appellant took but a life estate under this clause and rendered judgment for defendant. Does the rule in Shelley's case control the intention? We restate it: "When an ancestor by any gift or conveyance takes an estate of freehold, and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs in fee or in tail, always in such cases, 'heirs' are words of limitation of the estate and not words of purchase." Although a cardinal rule in the interpretation of wills is to ascertain and then adopt the intention of testator, yet if the devise for consideration comes under the operation of Shelley's rule, the words must be taken as they stand, in their strict legal signification. The question is not, whether the testator intended the rule should not operate, for that is not subject to his power, but whether he used words synonymous with heirs of the body; the rule perhaps in every instance subverts an intent. It controls the interpretation of devises and grants by deed and as said by GIBSON, C. J., in Hileman v. Bouslaugh, 13 Pa. 344, "is proof even against an express declaration that the heirs shall take as purchasers. But it is an intention which the law cannot indulge consistently with the testator's general plan and which is necessarily subordinate to it. It is an intention to create an inalienable estate tail in the first donee; and to invert the rule of interpretation by making the general intention subservient to the particular one. A donor is no more competent to make tenancy for life a source of inheritable succession than he is competent to create a perpetuity or a new canon of descent. . . . It has always been recognized by this court as a rule of property." Also see a concise and axiomatic discussion of the subject by Justice MITCHELL in the very late case of Shapely v. Diehl, 203 Pa. 566.

While Shelley's rule, as a rule of interpretation, is still in existence in this state, for we have no statute abolishing it as in New York and some of the other states, yet its original results, as a rule of property, by our statutes authorizing deeds barring estate's tail, and especially since the act of April 27, 1855, declaring that an estate in fee tail shall be construed as a fee simple, do not follow; practically an estate in fee tail under the rule no longer controls or determines the descent. This estate instead of a life estate in the first taker and a fee tail because of the limitation to the lineal descendants of the first taker is a fee simple in the daughter, the first donee.

Did the testator here use the words child or children in the sense of heirs of the body or issue? Prima facie they are words of purchase and not of limitation, and the devisee took but a life estate (Guthrie's Appeal, 37 Pa. 9, and the many cases therein cited); but is the remainder to go to the general or lineal heirs of the first taker as the law determines? Of course the estate of the first taker must be a freehold estate for life or for years; it is then to go to her child or children in fee, the lineal heirs of the first taker whom the law identifies. " Any form of words sufficient to show that the remainder is to go to those whom the law points out as the general or lineal heirs of the first taker will enlarge the estate for life of the first taker to an estate in fee or estate tail by implication." This rule was, in the language quoted, first restated by Judge OSWALD THOMPSON in the Orphans' Court of Philadelphia (Potts's App., 30 Pa. 168), and was affirmed in a per curiam opinion by this court; it was followed and approved in many subsequent cases; a long list of those in which the words child and children have been held to be words of limitation by analogy to the rule in Shelley's case, is given by AGNEW, J., in Yarnall's Appeal, 70 Pa. 335. Among them is Haldeman v. Haldeman, 40 Pa. 29, in which the words child and children are used by the testator in a devise almost identical in terms with the one before us.

" The word child since the daughter had no child at the time was not a designatio personnae but comprehended a class and the daughter took an estate tail:" Jones v. Davies, 4 Barn. & Adolph. 43.

Then in the twelfth clause of the will, he directs that if any

of the devisees refuse to take their devises it shall revert back to his estate and be divided among his other " said heirs equally," indicating that he uses the words heirs and children interchangeably. It is plain by the will, that the testator restricts the estate to the lineal descendants or heirs of his daughter, the first taker.

In McKee v. McKinley, 33 Pa. 92, the devise was, " To my daughter Caroline for her sole and separate use during her lifetime . . . . after her death to her children if any surviving or issue of such children; and in case of no children or issue of children, then to return to my relations or lawful heirs." It was held that the devise was to the daughter for life and then to her children in fee, and in default of these to testator's heirs ; that this was only another way of devising to the plaintiff for life with the remainder to her heirs or to the plaintiff and her heirs ; that the roundabout way the testator takes to say heirs does not affect the substance.

It appears that at the date of the will the daughter was single and did not contemplate marriage. She having no children and no particular ones being in the mind of testator, for he could not know what children or how many would be the issue, we think he intended the " issue " to take in lineal descent. Therefore, the daughter took an estate in fee tail general which the statute of 1855 resolves into a fee simple.

We concede that the case is a close one, and we are not indifferent to the able argument of the learned counsel for appellee or the authorities cited by him, tending to show that the words child and children are generally words of purchase and not of limitation, but we cannot divest ourselves of the conviction, that as used by testator in the fourth clause, taken in connection with the twelfth, they describe and apply to a class, legally lineal descendants of his daughter, the same as if he had used the words heirs of her body. The judgment of the court below is therefore reversed and the judgment entered for the plaintiff on the case stated.