## Pifer v. Locke, Appellant.

*Real estate—Rule in Shelley's Case—Devise.*

Generally the words child and children prima facie are words of purchase and not of limitation, but if the remainder, even where these words are used, is to go to the general or lineal heirs as pointed out by law, they are synonymous with "heirs of the body" and by analogy to the rule in Shelley's Case, the estate for life is enlarged into a fee or into an estate tail by implication.

Where the language of a will is "I will and devise to my daughter H the house and lot . . . . for and during her natural life, and at her death I devise and bequeath the same unto her children or issue in fee simple," the daughter takes an estate in fee tail general which the statute resolves into an estate in fee simple.

Argued April 20, 1903. Appeal, No. 292, Jan. T., 1902, by defendant, from judgment of C. P. Centre Co., Aug. T., 1902, No. 162, in case of Harriet M. Pifer et al. v. Blanche M. Locke. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine the marketability of real estate.

The court below, LOVE, P. J., filed the following opinion:

This is a case stated to determine the legal title or rather the character of the title to a certain messuage, tenement and lot of ground situate in the Borough of Bellefonte : devised to Harriet M. Pifer under the last will and testament of George Livingston, deceased, and which the plaintiffs have sold by articles of agreement to the defendant. The case stated sets forth the location and description of the property in detail, that George Livingston died seized in his demesne of fee of

said premises. That he made his last will and testament dated June 27, 1872, which since his death was duly probated, and recorded in the office of the register of wills, for Centre county in Will Book " C" page 495, etc.

By his said will, in item four, he devised and bequeathed as follows. "Fourth. I will and devise unto my daughter Harriet M. Pifer the house and lot on Allegheny Street in Bellefonte (formerly my mansion house) for and during her natural life, and at her death I devise and bequeath the same unto her children or issue, in fee simple." " But the same is not to be made liable in any manner for the debts present or future of her husband."

The question submitted to the determination of the court upon the case stated, is the nature of the estate taken by Harriet M. Pifer, under the devise in said will. It seems clear to us that the intention of the testator under the devise in his will was to constitute Harriet M. Pifer, and her children or issue the absolute beneficiaries of the premises devised. It is in our judgment unnecessary to discuss or review the authorities as to the meaning of the words children or issue in the devise. It might not be a distorted construction to say they were used in the sense of heirs.

We are of the opinion that the devise vested in Harriet M. Pifer an estate in fee tail and under the act of April 27, 1855, it is an estate in fee simple. We think the following cases sustain this construction : Haldeman v. Haldeman, 40 Pa. 29 ; Potts's Appeal, 30 Pa. 168 ; Ogden's Appeal, 70 Pa. 501 ; Armstrong v. Michener, 160 Pa. 21 ; Grimes v. Shirk, 169 Pa. 74 ; Hiester v. Yerger, 166 Pa. 445 ; Boyd et al. v. Weber, 193 Pa. 651 ; Shoup v. De Long, 190 Pa. 331.

In the case stated it is stated that Harriet M. Pifer and her husband and Mary P. Shontz, the only child of Mrs. Pifer and her husband, are ready to execute a deed to the purchaser for said premises.

We are of the opinion, in any event, that a deed executed by the said parties named would convey to the purchaser, Blanche M. Locke, a good and valid title in fee simple for the said premises mentioned.

It is therefore directed that judgment be entered in favor of the plaintiffs on the case stated against the defendant for the

sum of $2,600, said judgment to be released, unless at the time of the execution and tender of the deed, the premises are free of liens or other incumbrances, the costs as per agreement in case stated to be paid by the plaintiff.

Judgment was entered for the plaintiff for $2,600. Defendant appealed.

*Error assigned* was in entering judgment in favor of the plaintiffs.

*John Blanchard* and *Edmund Blanchard*, for appellant.

*A. O. Furst*, for appellees, was not heard.

PER CURIAM, May 4, 1903:

By articles of March 14, 1902, plaintiffs agreed to convey to defendant a title in fee simple to a lot on Allegheny street in the borough of Bellefonte. The lot in question had been devised to Harriett M. Pifer by her father, George Livingston, by his will dated June 27, 1872. The fourth clause of the will contains this devise as follows:

"I will and devise to my daughter Harriet M. Pifer the house and lot on Allegheny Street in Bellefonte (formerly my mansion house), for and during her natural life, and at her death I devise and bequeath the same unto her children or issue in fee simple."

What estate did the daughter take under this devise? We concede that generally the words child and children prima facie are words of purchase and not of limitation. See the many cases cited in Guthrie's Appeal, 37 Pa. 9. But if the remainder even where these words are used, is to go to the general or lineal heirs as pointed out by law, they are synonymous with "heirs of the body," and by analogy to the rule in Shelley's Case, the estate for life in the first taker is enlarged into a fee or into an estate tail by implication. Here the devise at the daughter's death is to her children or issue in fee simple, precisely as if he had said to my daughter and the heirs of her body, the very ones the law pointed out as the general or lineal heirs of the first taker. See Potts's Appeal 30 Pa. 168, and the many cases cited by AGNEW, J., in Yarnall's Appeal, 70

Pa. 335. In Haldeman v. Haldeman, 40 Pa. 29, and Simpson v. Reed, 205 Pa. 53, almost identically the same language constitutes the devise as here and they were held to be words of limitation.

We think under this devise the plaintiff Harriett M. Pifer took an estate in fee tail general, which the statute of 1855 resolves into an estate in fee simple in her. The judgment of the court below is affirmed.