## Schrecongost, Appellant, *v.* West.

*Deed—Estate tail—Fee simple estate—Rule in Shelley's Case.*

Where the premises of a deed describe the grantee as a married woman, and " heirs " by her then husband, and the grant is to the "said parties of the second part their heirs and assigns," the deed conveys an estate in special tail, which under the Act of April 27, 1855, P. L. 368, is converted into an estate in fee simple.

Argued Oct. 11, 1904.    Appeal, No. 167, Oct. T., 1904, by plaintiffs, from judgment of C. P. Armstrong Co., March T., 1904, No. 124, on verdict for defendant in case of Sarah Schrecongost et al. v. Daniel West.    Before MITCHELL, C. J., DEAN, FELL, BROWN, POTTER and THOMPSON, JJ.    Affirmed.

Ejectment for land in Wayne Township. Before PAT-
TON, P. J.

The court below stated the facts to be as follows :

This is an action of ejectment brought by Sarah Schrec-
ongost, A. H. West, Jane Anthony and Margaret McCullough
against Daniel West, to recover a certain tract of land contain-
ing fifty acres more or less. Since the bringing of the suit,
A. H. West, one of the plaintiffs, has filed his disclaimer. It
is admitted that Patrick Denny is the common source of title.

On October 16, 1858, a deed was made between said Pat-
rick Denny and Mary his wife of the first part and Elizabeth
West and her heirs by Samuel West, of the second part, wherein
the said parties of the first part, in consideration of the sum
of $850, conveyed unto the said parties of the second part their
heirs and assigns, the property in dispute. All the parties to
the controversy are the children of Elizabeth and Samuel West.
Sarah was born in 1849, Andrew H. in 1856, and the rest after
the conveyance.

The plaintiffs, as children of Elizabeth and Samuel West,
claim as purchasers under the above deed. The defendant
claims under a deed from Elizabeth and Samuel West, dated
October 14, 1899, for the land in dispute. Elizabeth West
and Samuel West are both dead and were at the time of the
bringing of this action. The plaintiffs and the defendant are
all their children and are all still living.

The court directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in directing verdict for defendant.

*R. A. McCullough*, with him *H. A. Heilman* and *F. C. Jones*,
for appellants, cited : Bedford's App., 126 Pa. 117; Huss v.
Stephens, 51 Pa. 282; Criswell v. Grumbling, 107 Pa. 408;
Morris v. Stephens, 46 Pa. 200; Haskins v. Tate, 25 Pa. 249.

*M. F. Leason*, with him *C. E. Harrington*, for appellee, cited :
Reinhart v. Lantz, 37 Pa. 488; Knoderer v. Merriman, 7
Atl. Repr. 152; Warn v. Brown, 102 Pa. 347; Cockins's
App., 111 Pa. 26; Tyler v. Moore, 42 Pa. 374; Karchner v.
Hoy, 151 Pa. 383; Brinton v. Martin, 197 Pa. 615; Potts's

App., 30 Pa. 170 ; Haldeman v. Haldeman, 40 Pa. 35 ; Grimes v. Shirk, 169 Pa. 74; Pifer v. Locke, 205 Pa. 616 ; Seybert v. Hibbert, 5 Pa. Superior Ct. 537.

PER CURIAM, November 4, 1904 :

The learned judge below directed a verdict for defendant, stating the grounds as follows : " We do not think that the contention of the defendant, that the words of the conveyance fall within the rule in Shelley's case, can be sustained.　There is no separate freehold estate for life or years in the first taker : Simpson v. Reed, 205 Pa. 53.

" There is nothing in the deed to indicate that the remaindermen should take as heirs of the first taker : Guthrie's Appeal, 37 Pa. 9.　Had this deed been to Elizabeth West for the term of her natural life or for years, and at her death to her heirs begotten upon her by Samuel West, the case would have clearly fallen within the rule in Shelley's case, but as shown by the above authorities it does not so fall.

" As we view this deed, it conveyed an estate in special tail. It is stated in Blackstone, book 2, page 114, that ' where lands and tenements are given to a man and the heirs of his body on Mary his now wife to be begotten, here no issue can inherit but such special issue as is engendered between them two, and therefore it is called special tail.'

" Then comes our Act of Assembly of April 27, 1855, P. L. 368, which provides : ' Wherever hereafter any gift, conveyance or demise of an estate in fee tail would be created according to the existing laws of this state, it shall be taken and considered to be an estate in fee simple and as such shall be inheritable and freely alienable.'　This act makes the estate a fee simple in Elizabeth West, the first taker, and in our opinion her deed of October 14, 1899, to Daniel West, gave the better title and the verdict of the jury should be for the defendant."

The judgment is affirmed on this charge.