## Hastings *v.* Engle, Appellant.

217      419|
f219      ²241|

¹217      419
37SC  ¹175

*Wills—Devise—Rule in Shelley's case—Heirs—Children.*

Testatrix devised as follows: "I give and bequeath to V. during her life time and the heirs of her body at her decease all of my real estate, and in case of her or her children dying without living issue, the said real estate I give to the Board of Home Missions of the United Presbyterian Church of North America." *Held,* that V. took an estate in fee simple.

The words, "heirs of her body," are technical words and are presumed to be used in a technical sense, unless the context indicates a clear intention to the contrary and under these words the devisees in remainder take as heirs of the devisee of the particular estate and not as purchasers under the testatrix and hence as the stock of a new inheritance.

Prima facie "children" is a word of purchase and not of limitation. But where it is clear that it is used in the sense of "heirs" or "heirs of her body" used in a former part of the will, it must be so construed and the intention of the testatrix be permitted to prevail.

The rule in Shelley's case is not one of construction but of law, and it operates only after the intention of the testatrix has been ascertained from the language of the will.

Argued Feb. 25, 1907. Appeal, No. 88, Oct. T., 1906, by defendants, from judgment of C. P. Indiana Co., Sept. T., 1903, No. 101, for plaintiff on case stated in suit of Virginia Hastings and John S. Hastings, her husband, v. H. B. Engle and Clara E. Engle, Executors of J. H. Engle, deceased. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated to determine the marketable title to real estate. Before ORVIS, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

The court entered judgment for plaintiff on case stated.

*Error assigned* was the judgment of the court.

*M. C. Watson,* with him *Peelor & Feit,* for appellants.— Virginia Hastings had a life estate only: Todd v. Armstrong,

213 Pa. 570 ; Fox's App., 99 Pa. 382 ; Stoner v. Wunderlich, 198 Pa. 158 ; Mulliken v. Earnshaw, 209 Pa. 226 ; Mayer v. Walker, 214 Pa. 440 ; King v. Savage Brick Co., 30 Pa. Superior Ct. 582 ; Doebler's App., 64 Pa. 9 ; Shapley v. Diehl, 203 Pa. 566 ; Hill v. Hill, 74 Pa. 173.

*D. B. Taylor*, with him *Frank Keener*, for appellees, cited : Criswell's App., 41 Pa. 288 ; Grimes v. Shirk, 169 Pa. 74 ; Reimer v. Reimer, 192 Pa. 571 ; Corrin v. Elliott, 23 Pa. Superior Ct. 449 ; Hiester v. Yerger, 166 Pa. 445 ; Boyd v. Weber, 193 Pa. 651 ; Hogg's Est., 27 Pa. Superior Ct. 428.

OPINION BY MR. JUSTICE MESTREZAT, April 1, 1907 :

This is an action of assumpsit to recover the purchase money for real estate sold by the plaintiffs to the defendants' decedent. The facts appear in full in the case stated. The right to recover is resisted by the defendants on the ground that the plaintiffs cannot convey a good title to the premises. The title was acquired by Virginia Hastings, the wife of the other plaintiff, under the will of Elizabeth Coleman, deceased, which provides, inter alia, as follows : " I give and bequeath to Mrs. Virginia Hastings during her lifetime, and the heirs of her body at her decease all my real estate, and in case of her or her children dying without living issue the said real estate I give to the Board of Home Missions of the United Presbyterian Church of North America. I also give Virginia Hastings my piano and all my household goods absolutely." On April 18, 1900, the following codicil was added : " I give and bequeath to Gula Hastings one thousand dollars to be paid to her out of my real estate."

The plaintiffs contend that Mrs. Hastings takes a fee simple estate under the will, but the defendants claim that the devise to her creates only a life estate, and that, therefore, she cannot convey a fee simple estate.

At the time the will was written Mrs. Hastings had one child, a son Ralph, to whom the testatrix bequeathed $1,000, payable out of the bank stock. Subsequently her daughter was born to whom the testatrix made a bequest, payable out of the real estate.

The primary devise is " to Mrs. Virginia Hastings during

her lifetime, and the heirs of her body at her decease." If the testatrix had ended her testament here there could be no doubt of her intention, or as to the quantum of the estate which Mrs. Hastings would take under the devise. The first taker is Mrs. Hastings and the remainder-men are " the heirs of her body." These are technical words, and are presumed to be used in a technical sense unless the context indicates a clear intention to the contrary : Graham v. Abbott, 208 Pa. 68. Under this language it is firmly settled in this state that the devisees in remainder take as heirs of the devisee of the particular estate and not as purchasers under the testatrix, and hence as the stock of a new inheritance. Mrs. Hastings becomes the root of descent, and from her the title passes in a continuous line of succession. Therefore, " the heirs of her body" are not descriptive of the persons who take the remainder, but define and limit the estate devised to Mrs. Hastings. Such is clearly the legal signification of these words, and, standing alone and uncontrolled by other parts of the will, it will be presumed that by their use the testatrix intended not individuals, but quantity of estate and descent : Guthrie's Appeal, 37 Pa. 9. Under all our numerous authorities, without a single exception, the life estate devised to Mrs. Hastings was enlarged into an estate tail which, by operation of the Act of April 27, 1855, P. L. 368, was converted into a fee simple estate.

We now turn to the clause of the will immediately succeeding the one containing the primary devise, and which passes the estate over. Its language is as follows : " And in case of her or her children dying without living issue the said real estate I give to the Board of Home Missions of the United Presbyterian Church of North America." The purpose of this clause, apparent on the face of it, was to meet the contingency of the beneficiaries named in the primary devise, dying without issue. The testatrix believed she had disposed of the whole estate in the first clause, which was true, but to avoid an intestacy caused by the death of the primary devisees she supplemented it with the succeeding clause. That is the manifest purpose of the latter clause of the will. She, however, has used in this clause " her children " instead of the words " heirs of her body," and this is the ground for the appellant's con-

tention that the testatrix intended to give Mrs. Hastings " a life estate only and at her death a life estate to her children if living, and the fee simple to the living issue of her children, and if Virginia Hastings or her children should die, without living issue, then to the Board of Home Missions of the United Presbyterian Church of North America." But we are convinced that it was not the intention of the testatrix by this clause of the will to cut down or disturb the estate given to Mrs. Hastings in the first clause of the will. There is no unequivocal determination shown to interfere with or diminish the quantum of the estate given to the first taker in the primary devise. It is true that prima facie, "children" is a word of purchase and not of limitation, and, uncontrolled by the context, must be so construed. But where it is clear that it is used in the sense of "heirs" or "heirs of the body," used in a former part of the will, it must be so construed, and the intent of the testator be permitted to prevail. In this case the testatrix evidently used the word "children" in the devise over in the same sense as "heirs of the body" in the primary devise. It is plain, we think, that the testatrix by this clause meant to devise the estate over in the event of an indefinite failure of the issue of Mrs. Hastings. So long as there were any "living issue," the estate was to continue in them, and not until their extinction was it to go over. To carry out the intention of the testatrix, it was not necessary to insert the words " her children " in the second clause of the will, but the context shows the meaning of those words and hence they do not change or defeat the estate primarily given the first taker. The thought of the testatrix in both clauses of the will, expressed in the first by "the heirs of her body" and in the other, by " her children," was of the lineal descendants of Mrs. Hastings. In either case, as said in Shapley v. Diehl, 203 Pa. 566, " the children would have come in as first in the line of inheritance."

The rule in Shelly's case, as we have often said, is not one of construction but of law, and it operates only after the intention of the testator has been ascertained from the language of the will. Here, the testatrix devised her real estate to the devisee for life and to the heirs of her body, and if she or her heirs died without issue then over. Such having been ascer-

tained to be the intention of the testatrix, the law then declares, as announced in Shelly's case, that Mrs. Hasting takes an estate in fee tail under the provisions of the will. This being converted into a fee simple by the act of 1855, it follows that she with her husband can convey a good title to the premises which they sold to the defendant's decedent, and hence the plaintiffs are entitled to recover in this case.

The assignments are overruled, and the judgment is affirmed.