# Wilson *v.* Heilman, Appellant.

*Trusts and trustees—Separate use trust—Equitable and legal estates—Estate tail.*

Where a deed to a trustee creates a separate use trust in favor of a wife, and uses words importing an estate tail in the wife, with a limitation over upon an indefinite failure of issue of the wife, the separate use trust comes to an end upon the death of the husband, and the legal estate vests in the wife. Such a case is not governed by the general rule that an equitable estate for life followed by a legal estate in remainder do not coalesce so as to vest absolute title in the holder of the equitable life estate.

Where a deed of trust creates a separate use trust for a wife for life and gives, upon her death, a fee to "the children and heirs of the body of the wife," the word "children," coupled as it is with the words "heirs of the body," is to be construed as a word of limitation, and the wife, upon the death of the husband, takes an estate tail which, by the act of 1855, is enlarged into an estate in fee simple.

Argued Oct. 17, 1907.   Appeal, No. 168, Oct. T., 1907, by defendant, from order of C. P. Armstrong Co., Sept. T., 1907, No. 87, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mary Jane Wilson v. J. M. Heilman.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit for balance of purchase money.   Before PATTON, P. J.

From the record it appeared that the plaintiff, by articles of agreement, sold certain real estate situate in East Franklin township to the defendant.   The defendant refused to make payment on the ground that plaintiff had not a good marketable title in fee simple to the real estate in question.   It appeared that plaintiff was the widow of Josiah K. Wilson, her husband dying in 1892.   She has several children living.   By a deed dated March 7, 1877, George Bowser and others made

a deed of the land in question to one Henry Blair. The grant was "to Henry Blair in trust nevertheless, for the sole and separate use, benefit and behoof of Mary Jane Wilson, wife of Josiah K. Wilson, for and during the term of her natural life and then at the death of said Mary Jane Wilson in fee to the children and heirs of the body of the said Mary Jane Wilson or such as may then be alive, and to the heirs of any deceased child leaving children according to the share proportion such children would have taken if living, the consideration money hereof having been paid and advanced by the father and relatives of the said Mary Jane Wilson, and not by her said husband. And further in case said Mary Jane Wilson should die without leaving issue of her body, the property herein conveyed to revert to and vest in the legal heirs of James Blair."

The court, in an opinion by PATTON, P. J., held that the plaintiff had a good title in fee, and made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*C. E. Harrington,* for appellant.—It must be considered that the trust in the present case arises by deed, and that the intention of the grantor is clearly to protect the estate for the remainder-men : Wolfinger v. Fell, 195 Pa. 12 ; Little v. Wilcox, 119 Pa. 439.

It is clear that by the use of these words the children of Mary Jane Wilson were selected on their own account and not as heirs of her body : Curtis v. Longstreth, 44 Pa. 297 ; Cote v. Von Bonnhorst, 41 Pa. 243 ; King v. Savage Brick Co., 30 Pa. Superior Ct. 582 ; Guthrie's App., 37 Pa. 9.

The rule has been well expressed that where the limitation over is to take effect upon the failure of children only, or the failure of issue within a given time, then the first taker has a life estate only : Stoner v. Wunderlich, 198 Pa. 158 ; Nes v. Ramsay, 155 Pa. 628 ; Beckley v. Riegert, 212 Pa. 91 ; Corrin v. Elliott, 23 Pa. Superior Ct. 449.

*Rush Fullerton,* for appellee.—Where an estate is granted to trustees for a particular purpose, the legal estate vests in

them as long as the execution of the trust requires it, and no longer : Steacy v. Rice, 27 Pa. 75 ; Shalters v. Ladd, 141 Pa. 349 ; McKee v. McKinley, 33 Pa. 92.

The roundabout way which the testator takes to say heirs does not affect the substance, for the second takers here are the lineal descendants of the first taker, and creates a fee tail : Simpson v. Reed, 205 Pa. 53 ; Freyvogle v. Hughes, 56 Pa. 228.

The rule in Shelly's case is a rule of law, not a rule of construction, and where a case falls within it, it applies inexorably without reference to intent : Shapley v. Diehl, 203 Pa. 566 ; Linn v. Alexander, 59 Pa. 43 ; Mason v. Ammon, 117 Pa. 127 ; Boyd v. Weber, 193 Pa. 651 ; Pifer v. Locke, 205 Pa. 616.

If a devise over is to take effect on the indefinite failure of issue of the first taker, the first taker takes an estate tail, which estate tail cannot be destroyed by later expressions in the deed limiting an estate over upon an indefinite failure of issue standing alone, unexplained and independent of other language in the same deed to bring it within the rule that a definite failure of issue was intended : Seybert v. Hibbert, 5 Pa. Superior Ct. 537 ; Cooper v. Leaman, 212 Pa. 564 ; Richards v. Bentz, 212 Pa. 93 ; Hogg's Estate, 27 Superior Ct. 428 ; Grimes v. Shirk, 169 Pa. 74 ; Hannon v. Fliedner, 216 Pa. 470 ; Hastings v. Engle, 217 Pa. 419.

OPINION BY MR. JUSTICE ELKIN, January 6, 1908 :

The correctness of the judgment entered in the court below depends upon the construction of the words used in the deed creating a trust estate for the sole and separate use of Mary Jane Wilson, who at the time of the conveyance was a married woman living with her husband. The deed in express language recites the fact that the consideration paid for the properties was advanced by the father and relatives of the wife, and not by her husband. It is perfectly clear that the intention of the donors was to protect the estate of the wife thus created from the improvidence of the husband. That the deed was not drawn by a skillful scrivener is apparent, and that the words used in creating the trust are somewhat confusing and ambiguous must be conceded. On the whole, however, we think the

intention of the parties is plain, and the conclusion reached by the learned court below is correct. It is argued for appellant, and with much force, that Mary Jane Wilson, under the provisions in the deed only took an equitable life estate, and that the legal remainder vested in her children as purchasers under the original grant. If this position were sound it would necessarily follow, as contended, that the two estates, one equitable the other legal, not being of the same character, did not coalesce upon the death of the husband. We do not accept this view of the law as applied to the facts of this case. The deed created a coverture trust for the protection of the wife, and when she became discovert by the death of her husband the special trust for her sole and separate use terminated and the legal estate vested in her : Steacy v. Rice, 27 Pa. 75 ; Shalters v. Ladd, 141 Pa. 349. The general rule that an equitable estate for life followed by a legal estate in remainder do not coalesce so as to vest absolute title in the holder of the equitable life estate, has no application to the case at bar. When appellee, a married woman, became discovert the trust created for her sole and separate use as a protection against the improvidence of her husband ceased, and the legal estate, whatever its character, vested in her.

This brings us to the consideration of the real question in the case. Did appellee only take a life estate, or has she an estate in fee for which she can make a good and marketable title ? The learned court below in passing on this question among other things said: "Why did the grantor couple the words 'heirs of the body' with the words 'child or children'? The one expression must have been intended by him in some manner to qualify or explain the other. The words 'heirs of the body' are apt words to create an estate tail, and in our opinion, when the grantor in the conveyance before us did so use them, he created an estate tail in Mary Jane Wilson which the act of 1855 enlarged into an estate in fee simple." We agree with this conclusion. The word "children" as is well understood, is primarily one of purchase and if it stood alone without qualification in the deed under which this controversy arises, the contention of the appellant should prevail. But it does not stand alone. It is coupled with the words "heirs of the body" and other words of inheritance in such

manner as to cast the remainder upon the general or lineal heirs of the first taker, not as purchasers from the grantor, but in succession by inheritance from Mary Jane Wilson.    Under these circumstances, the case is within the reason of the rule followed in Linn v. Alexander, 59 Pa. 43 ; Mason v. Ammon, 117 Pa. 127 ; Boyd v. Weber, 193 Pa. 651 ; Shapley v. Diehl, 203 Pa. 566 ; Pifer v. Locke, 205 Pa. 616 ; Hastings v. Engle, 217 Pa. 419.

This being our construction of the deed, it is not important to consider the contention of appellant relating to the limitation over to the heirs of James Blair.    We are of opinion that when the trust terminated by the death of the husband, the legal estate vested in appellee, and that the words used in the deed created an estate tail in her, which was enlarged into a fee simple by the statute and could not be cut down to a life estate by a limitation over to the heirs of James Blair upon an indefinite failure of issue: Grimes v. Shirk, 169 Pa. 74 ; Hannon v. Fliedner, 216 Pa. 470 ; Hastings v. Engle, 217 Pa. 419.

Judgment affirmed.