## Smith, Appellant, *v.* Lindsey.

*Deed—Estate tail—Heirs—Children.*

Although a stricter construction is applied to deeds than to wills, yet in deeds, the intent of the grantor, when legal, is a governing principle in their construction. This applies as well to the words "heirs" or "children" as to any other part of a deed, and they are to be construed as words of limitation or purchase as the intent requires.

A deed to a woman, her heirs and assigns, which directs in a clause following the description of the land, that "the above described property shall go to the grantee and to her personal children and to no other," creates in the grantee an estate tail which by the operation of the Act of April 27, 1855, P. L. 368, is enlarged into an estate in fee simple. The words "her personal children" are to be construed in the sense of "heirs of her body."

Argued March 3, 1908.  Appeal, No. 35, Jan. T., 1908, by plaintiff, from judgment of C. P. Susquehanna Co., April T., 1904, No. 58, for defendant non obstante veredicto in case of Nellie Lindsey Smith v. Jay and George. Lindsey.  Before RICE, P. J., PORTER, HENDERSON, HEAD and BEAVER, JJ. Affirmed.

Writ in partition.  Before SEARLE, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*A. B. Smith*, with him *Miller S. Allen*, for appellant.—The words " personal children " mean children and not heirs of the body: White v. Williamson, 2 Grant, 249; List v. Rodney, 83 Pa. 483; Hague v. Hague, 161 Pa. 643; Cote v. Van Bonhorst, 41 Pa. 243; Wild's Case, 6 Coke's Rep. 288; Curtis v. Longstreth, 44 Pa. 297; Coursey v. Davis, 46 Pa. 25; Kuntzleman's Est., 136 Pa. 142; Melsheimer v. Gross, 58 Pa. 412; Warn v. Brown, 102 Pa. 347; Gernet v. Lynn, 31 Pa. 94; Karchner v. Hoy, 151 Pa. 383; Oyster v. Oyster, 100 Pa. 538; Oyster v. Knull, 137 Pa. 448; Oyster v. Orris, 191 Pa. 606; Affolter v. May, 115 Pa. 54; Keim's App., 125 Pa. 480; Giffin's Est., 138 Pa. 327; Tyler v. Moore, 42 Pa. 374; Hill v. Hill, 74 Pa. 173.

*T. J. Davies*, for appellees.—A stricter rule is applied to deeds than to wills: Huss v. Stephens, 51 Pa. 282; Means v. Presby. Church, 3 W. & S. 303.

Where the premises and habendum are "repugnant to each other they should be reconciled, if possible, so as to give effect to both:" Tyler v. Moore, 42 Pa. 374.

Allowing the plaintiff the most liberal interpretation possible for the words "personal children," they cannot be construed to mean more than the heirs of her body, which are words of limitation: Shoup v. DeLong, 190 Pa. 331; Boyd v. Weber, 193 Pa. 651; Shapley v. Diehl, 203 Pa. 566; Simpson v. Reed, 205 Pa. 53; Pifer v. Locke, 205 Pa. 616; Vilsack's Est., 207 Pa. 611;

Schrecongost v. West, 210 Pa. 7; Hastings v. Engle, 217 Pa. 419.

OPINION BY PORTER, J., October 12, 1908:

The question raised by this appeal must be determined by the construction of the deed of Daniel Miles to Ellen Lindsey, who died January 28, 1904, leaving to survive her a husband, Francis Lindsey, and three children, one of whom is the plaintiff and the other two defendants in this action. The plaintiff asserting that she took title as a purchaser under that deed, brought this action of partition. The question turned in the court below upon the right of the surviving husband of Ellen Lindsey to the possession of the land during his life, as tenant by the curtesy, and after a trial in which the question was properly reserved the court entered judgment in favor of the defendant non obstante veredicto. The plaintiff appeals.

The deed from Daniel Niles to Ellen Lindsey was dated March 17, 1903; in the premises thereof Ellen Lindsey was the only party named as party of the second part; the grant was to her, her heirs and assigns, then followed the description of the land granted, and following the description in the granting clause, these words occur: "The above described property shall go to Ellen Lindsey and to her personal children and to no other." The habendum was "unto the said party of the second part, her heirs and assigns, to the only proper use, benefit and behoof of the said party of the second part, her heirs and assigns forever." There were covenants of general warranty to Ellen Lindsey, her heirs and assigns. The deed was, in short, a conveyance to Ellen Lindsey, her heirs and assigns, of the land by title in fee simple, unless that title was cut down and restricted to a life estate in Ellen Lindsey, with remainder to her children, by the words "The above described property shall go to Ellen Lindsey and to her personal children and to no other," following the description of the land in the granting clause of the deed. The contention of the appellant, the plaintiff, is that Ellen Lindsey took but a life estate, with remainder to her children in fee.

Although a stricter construction is applied to deeds than to

wills, yet in deeds, the intent of the grantor, when legal, is a governing principle in their construction; this applies as well to the words "heirs" or "children" as to any other part of a deed, and they are to be construed as words of limitation or purchase as the intent requires: Means v. Presbyterian Church, 3 W. & S. 303; Huss v. Stephens, 51 Pa. 282. "The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intent to contradict himself, therefore, we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction:" Wager v. Wager, 1 S. & R. 374; Tyler v. Moore, 42 Pa. 374. This deed contains no words which could be construed as granting an estate in fee simple or fee tail to the children of Ellen Lindsey as the head of a new line of succession, for neither the word "heir" nor any other word indicating an inheritable estate is used in connection with the grant, if there was a grant, of an estate to the children. If, therefore, the effect of the use of the words hereinbefore quoted, following the description in the granting clause of the deed, was to nullify the limitation of the estate to the heirs of Ellen Lindsey, and to cut down her estate to one for life, then her children would take as purchasers, only a life estate. The only persons who could take as heirs, under this grant must be the heirs of Ellen Lindsey, and they must take as such heirs. The intention of the grantor manifestly was that an estate of inheritance should pass under this deed, and the conveyance can properly be construed to effect that result and at the same time give effect to all its provisions. The words "child" and "children" are, in their usual sense, words of purchase, and are always so regarded unless the testator or grantor has unmistakably used them as descriptive of the extent of the estate given, and not to designate the donees. "To this rule, however, there are many exceptions, and it is never applied when the word 'children' is evidently intended to define an entire line of succession:" Haldeman v. Haldeman, 40 Pa. 29; Yarnall's Appeal, 70 Pa. 335. It may here be observed that this deed made no attempt in express terms to create a life estate in Ellen Lind-

sey. Omitting the description and bringing into direct connection the grant to Ellen Lindsey and her heirs and the words following the description, which the appellant contends nullified that grant, the intention of the grantor may be made to more clearly appear. "The party of the first part, . . . does grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the party of the second part, her heirs and assigns" (here follows the description), "The above described property shall go to Ellen Lindsey and to her personal children and to no other." The manifest intention of the testator was by the words thus added to qualify the meaning of the word "heirs" as used in the grant and to restrict it to the direct lineal descendants, but not to change the character in which those descendants should take. He used the words "her personal children" to indicate the whole line of direct succession, in the sense of "heirs of her body." The meaning was the same as if he had written in the deed a grant to "Ellen Lindsey and her heirs, being the heirs of her body." The effect of the words used by the grantor was to cut down the estate which passed under the deed to Ellen Lindsey from an estate in fee simple to an estate tail general. The children of Ellen Lindsey did not take as purchasers under this deed, which manifestly intended to make Ellen Lindsey the head of the line of succession and to limit that succession to her lineal descendants, the heirs of her body: Boyd v. Weber, 193 Pa. 651; Shapley v. Diehl, 203 Pa. 566; Vilsack's Estate, 207 Pa. 611; Schrecongost v. West, 210 Pa. 7; Hastings v. Engle, 217 Pa. 419; Simpson v. Reed, 205 Pa. 53. Ellen Lindsey took under this deed an estate tail general, which under the Act of April 27, 1855, P. L. 368, is enlarged into an estate in fee simple, and her surviving husband is entitled to possession of the land as tenant by the curtesy.

The judgment is affirmed.