# Kirby's Estate.

*Wills—Estate in fee simple—Rule in Shelley's case—Act of April 27, 1855, P. L. 368.*

Testator by his will gave to his daughter "the use, occupation and income" of his residuary estate, for and during her natural life, and upon her death, "leaving a child or children, and heir or heirs to her," he gave the entire residue of his estate "to the said child or heir solely, or to the said children or heirs equally share and share alike." *Held,* that the daughter took an estate in fee tail which under the Act of April 27, 1855, P. L. 368, was enlarged to a fee simple.

Argued Feb. 20, 1912. Appeal, No. 322, Jan. T., 1911, by John B. Kirby, from decree of O. C. Lackawanna Co., Year 1907, No. 481, dismissing exceptions to adjudication in Estate of William E. Kirby, deceased. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before SANDO, P. J.

The material portions of the will of the decedent were as follows:

"Item: I give, devise and bequeath to my beloved daughter, Mina Belle Kirby, the use, occupation and income of all the rest, residue and remainder of my estate, real, personal and mixed, of what kind or nature, whatsoever the same may be, and wherever situated, for her

support, education and maintenance, for and during her natural life, subject to the absolute bequests herein contained in this my will, as follows:

"Item: I give, devise and bequeath to my beloved daughter, Mina Belle Kirby, absolutely, from out of my said estate, and to her heirs and assigns forever, the following sums named, with the dates of payment, to wit:

On her attaining the age of twenty-five years the sum of Ten Thousand Dollars.

On her attaining the age of thirty years, the sum of Ten Thousand Dollars.

And, on her attaining the age of forty years, the sum of Ten Thousand Dollars.

Item: Should my said beloved daughter, Mina Belle Kirby, die leaving a child or children, and heir or heirs to her, then I give, devise and bequeath to the said child or heir solely, or to the said children or heirs equally, share and share alike, all the rest, residue and remainder of my said estate, real, personal and mixed, including any or all of the specified sums named in this my will as absolute bequests or legacies, which shall or may lapse to the remainder by reason of her decease prior to the date or dates when said legacies or bequests, or any of them, would legally vest in her."

"Item: Should my said beloved daughter, Mina Belle Kirby, die without leaving child or children, heir or heirs, then, all the rest, residue and remainder of my said estate, real, personal and mixed, including any or all of the specified sums named in this my will as absolute bequests or legacies, which shall or may lapse to the remainder by reason of the decease of the said beloved daughter, Mina Belle Kirby, prior to the date or dates when said legacies or bequests, or any of them, would legally vest in her, I give, devise and bequeath to my heirs at law, to be divided equally share and share alike."

The court held that the daughter took the estate in fee simple.

*Error assigned* was decree dismissing exceptions to adjudication.

*Thomas F. Wells* and *Morton W. Stephens,* for appellant.—The words "child or children" (or either of them), in a will are primarily words of purchase and not of limitation: Guthrie's App., 37 Pa. 9; Keim's App., 125 Pa. 480; Sheets' Est., 52 Pa. 257; Daley v. Koons, 90 Pa. 246; Dull's Est., 217 Pa. 358; Bacon's Est., 202 Pa. 535; Eichelberger's Est., 135 Pa. 160; Gerhard's Est., 160 Pa. 253; Clark v. Baker, 3 S. & R. 470; Miller's Est., 145 Pa. 561.

The courts have many times shown the well defined distinction in the application of the rule in Shelley's case to real estate and personal property: Eichelberger v. Barnitz, 9 Watts 447; Sheets' Est., 52 Pa. 257; Meyer's App., 49 Pa. 111; Snyder's App., 95 Pa. 174.

*H. C. Butler* and *O'Brien & Kelly,* for appellee.—The daughter took a fee: Kemp v. Reinhard, 228 Pa. 143; Shapley v. Diehl, 203 Pa. 566; Pifer v. Locke, 205 Pa. 616; Sheeley v. Neidhammer, 182 Pa. 163; Doebler's App., 64 Pa. 9; Grimes v. Shirk, 169 Pa. 74; Mason v. Ammon, 117 Pa. 127; Kleppner v. Laverty, 70 Pa. 70; Fitzpatrick's Est., 233 Pa. 33; Keys' Est., 4 Pa. D. R. 134; Bacon's App., 57 Pa. 504.

OPINION BY MR. JUSTICE POTTER, March 18, 1912:

In this case the testator gave to his daughter, Mina Belle Kirby, the use, occupation and income of his residuary estate, for and during her natural life, and upon her death, "leaving a child or children, and heir or heirs to her" he gave the entire residue of his estate "to the said child or heir solely, or to the said children or heirs equally, share and share alike." The question to be

determined is whether the daughter took a life estate
only, or an estate in fee. The court below held that the
expressed intention of the testator brought the case
within the rule in Shelley's case, and that the daugh-
ter took an estate in fee tail which, under the Act of
April 27, 1855, P. L. 368, was enlarged to a fee simple.
In reaching this conclusion the court below cited and
applied the decision in Shapley v. Diehl, 203 Pa. 566.
In that case, real estate was conveyed by a father to his
son "for the term of his natural life and at his death
to his children or heirs." It is to be noted that this de-
scription of the remaindermen as "children or heirs" is
substantially the same as that used in the present case.
It was there held that the case was one calling for the ap-
plication of the rule in Shelley's case, and that under it
the son took a fee simple estate. In the course of the
discussion, Mr. Justice MITCHELL said (p. 568) : "The
question for us is the sense in which the words were used
in this instrument, that is what was the intent of the
grantor in the phrase 'children or heirs?' If he had
omitted the word 'children' and said 'heirs' only, the
precise case for the rule would have been presented and
the life estate would have been enlarged to a fee, yet
the meaning would have been exactly the same and the
children would have come in as first in the line of in-
heritance. If on the other hand he had omitted the
word 'heirs' and said 'children' only, the clear presump-
tion would have been, with nothing to rebut it, of intent
to give to them directly as purchasers. But if that was
his actual intent, why did he add the words 'or heirs'
especially in view of the fact that there were no chil-
dren then in existence but only one child, naturally sug-
gesting the very common form of expression, 'child or
children.' The most evident explanation would seem to
be that he had the word 'children' in his mind not as
descriptio personarum but as representing the next in
the line of inheritance, and then the thought occurring
to him that there might not be any children he added,

'or heirs' to complete the expression of his intent. * * *
The phrase in the present case is 'children or heirs' and
that means heirs of the grantee of the life estate, the
word heirs being used as a synonym to enlarge and ex-
plain the preceding word which might otherwise fail of
its real intendment. The words, therefore, naturally
and properly seem to express the intent that the donees
in remainder should take not from the donor directly
as purchasers, but in succession by inheritance from
the grantee of the life estate." This reasoning seems to
fit precisely the present case. The same construction
appears in the decision in Vilsack's Estate, 207 Pa. 611,
where a testator gave his estate after the death of his
widow, to his sons and daughters for life, and after the
death of any one of them, he gave the shares of those so
dying, "to their child or children (should they leave any
children at their death) * * * but should neither of
my sons or daughters leave no heirs, then their share is
to be divided between all of my grandchildren, share
and share alike." In construing this language, the court
below (OVER, J.) in an opinion adopted by this court,
said (p. 613) : "It seems then that the testator intended
here to limit the estate given to his children to their
lineal heirs, or issue, which shows also his intention to
use the word 'children' in its comprehensive and ex-
tended sense, meaning issue or heirs of the body. If
this construction be correct the gift then is to his chil-
dren for life with remainder to the heirs of their bodies
or their issue, which vested in the children a fee tail,
enlarged by the act of assembly into a fee simple."
Where the word "heirs" is coupled with the word "chil-
dren" it is fair to presume that the testator intended to
have the one word qualify or explain the other, and
create an estate tail. See Wilson v. Heilman, 219 Pa.
237, and other cases therein cited, among which is Hast-
ings v. Engle, 217 Pa. 419, where the testatrix used the
words "heirs of the body" and afterwards the word
"children." Mr. Justice MESTREZAT said (p. 422) : "It

is true that prima facie 'children' is a word of purchase and not of limitation, and, uncontrolled by the context, must be so construed. But where it is clear that it is used in the sense of 'heirs' or 'heirs of the body,' used in a former part of the will, it must be so construed, and the intent of the testator be permitted to prevail."

Under the rule recognized and applied in the foregoing cases and in many others which might be cited to the same effect, we must conclude that the words "child or children, and heir or heirs to her" as used by the testator in the present case, were properly construed as meaning "heirs of the body" and that the rule in Shelley's case was correctly applied. Since the decision in Amelia Smith's Appeal, 23 Pa. 9, it has been held that words in a will which when applied to real estate would create an estate tail, will when applied to personal property pass the entire interest. The decision in Mengel's Appeal, 61 Pa. 248, is an illustration, as is Biddle's Appeal, 69 Pa. 190, where Mr. Justice AGNEW said (p. 194) that where the language of the will vests a fee tail, in testator's realty, "the estate in personalty becomes absolutely vested in the first taker."

As the court below was right in awarding the balance for distribution to the appellee absolutely, the appellant has no interest that entitles him to question the power of the court to appoint a trustee to hold the legacies until the time of payment is reached.

The assignments of error are dismissed, and the decree of the Orphans' Court is affirmed.